[991 NYS2d 424]

In the Matter of MICHAEL P. GORDON, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 13, 2014

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The instant application is predicated upon an order of the Supreme Court of Pennsylvania dated December 22, 2011 (*Office of Disciplinary Counsel v Gordon*, 2011 Pa LEXIS 3110 [Sup Ct 2011]), which suspended the respondent from the practice of law in the Commonwealth of Pennsylvania for a period of one year and one day, based upon the report and recommendations of the Disciplinary Board of Pennsylvania (hereinafter the Disciplinary Board) dated September 16, 2011, in connection with two matters. Following a hearing, in which the respondent participated by telephone and offered no evidence, the Disciplinary Board concluded as follows:

In the first matter, the respondent was found guilty of violating Pennsylvania Rules of Professional Conduct (hereinafter PaRPC) rule 1.1 (failing to provide competent representation to a client); rule 1.3 (failing to proceed with reasonable diligence and promptness in representing a client); rule 1.4 (a) (3) and (4) (failing to keep a client reasonably informed about the status of the client's matter and promptly comply with reasonable requests for information); rule 1.5 (b) (failing to communicate the basis or rate of his fee to his clients, in writing, before or within a reasonable time after commencing the representation); former rule 1.15 (a), (e) and (g) (now rule 1.15 [b], [i], [m]) (treating advanced fees paid to him as his own funds, failing to deposit those funds into an IOLTA account, and failing to obtain

informed consent, confirmed in writing, to treat the funds as his own); rule 1.15 (b), (i) and (m) (former rule 1.15 [a], [e], [g]) (treating advanced fees paid to him as his own funds, failing to deposit those funds into an IOLTA account, and failing to obtain informed consent, confirmed in writing to treat the funds as his own); and rule 1.15 (e) (former rule 1.15 [b]) (failing to account for, or refund, unearned fees).

In the second matter, the respondent was found guilty of violating PaRPC rule 1.5 (a) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); rule 1.5 (b) (when the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation); former rule 1.15 (a) (now rule 1.15 [b]) (a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a client-lawyer relationship separate from the lawyer's own property; such property shall be identified and appropriately safeguarded; complete records of the receipt, maintenance and disposition of such property shall be preserved for a period of five years after termination of the client-lawyer relationship or after distribution or disposition of the property, whichever is later); former rule 1.15 (b) (now rule 1.15 [e]) (upon receiving property of a client or third person in connection with a lawyer-client relationship, a lawyer shall promptly notify the client or third person; except as stated in this rule, or otherwise permitted by law or by agreement with the client or third person, a lawyer shall promptly deliver to the client or third person any property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property); former rule 1.15 (e) (now rule 1.15 [i]) (the responsibility for identifying an account as a trust account shall be that of the lawyer in whose name the account is held; a lawyer shall not deposit the lawyer's own funds into a trust account except for the sole purpose of paying bank service charges on that account, and only in an amount necessary for that purpose; a lawyer shall deposit into a trust account legal fees and expenses that have been paid in advance to be withdrawn by the lawyer only as fees are earned or expenses incurred, unless the client gives informed consent, confirmed in writing, to the handling of fees and expenses in a different manner; at all times while a lawyer holds funds of a client or third person in connection with a lawyer-client relationship, the

lawyer shall also maintain another account that is not used to hold such funds); and rule 1.16 (d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect the client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fees or expenses that has not been earned or incurred; the lawyer may retain papers relating to the client to the extent permitted by law).

A notice pursuant to 22 NYCRR 691.3 of the rules governing the conduct of attorneys was personally served upon the respondent on March 14, 2014, "according him the opportunity, within 20 days of the giving of such notice, to file a verified statement setting forth any defense . . . enumerated under subdivision (c) . . . and a written demand for a hearing" and advising that "in default of such filing . . . this court will impose such discipline or take such disciplinary action as it deems appropriate" (22 NYCRR 691.3 [b]). More than 20 days have elapsed since service of the notice, without any response from the respondent having been received.

Under the totality of the circumstances, the application of the Grievance Committee for the Ninth Judicial District is granted, and the respondent is suspended from the practice of law in New York for a period of one year.

Eng, P.J., Mastro, Rivera, Skelos and Austin, JJ., concur.

Ordered that the application of the Grievance Committee for the Ninth Judicial District to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Michael P. Gordon, a suspended attorney, is suspended from the practice of law in New York for a period of one year, and continuing until further order of the Court; and it is further,

Ordered that the respondent, Michael P. Gordon, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael P. Gordon, a suspended attorney, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk,

or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael P. Gordon, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).